**ORIGINAL**

# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *
JOHN E. RODARTE,                 *
                                 *
        Plaintiff,               *                              FILED
                                 *
    v.                           *   No. 17-935                 JUL 1 7 2017
                                 *   Filed: July 17, 2017
UNITED STATES,                   *                              U.S. COURT OF
                                 *                              FEDERAL CLAIMS
        Defendant.               *
                                 *
* * * * * * * * * * * * * * * * *
```

O R D E R

The court is in receipt of pro se plaintiff's submission to the United States Court of Federal Claims on July 12, 2017. Plaintiff, who is incarcerated at Clements Unit in Amarillo, Texas, has filed this pro se civil action against the United States of America. To proceed with a civil action in this court, a prisoner must either pay $400.00 in fees—a $350.00 filing fee plus a $50.00 administrative fee—or request authorization to proceed in forma pauperis, and submit a Prisoner Authorization Form. See 28 U.S.C. §§ 1914, 1915 (2012). When the person submitting a request to proceed in forma pauperis is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

> [T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); see also Matthews v. United States, 72 Fed. Cl. 274, 277 (2006), recons. denied 73 Fed. Cl. 524 (2006). In the affidavit required under 28 U.S.C. § 1915(a)(1), a prisoner must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(b)(1), if the court grants a prisoner's application to proceed in forma pauperis, the prisoner is still required to pay the full $350.00 filing fee in this civil action.[1] See Skinner v. Switzer, 562 U.S. 521, 535 (2011) (28 U.S.C. § 1915(b)(1) requires any prisoner proceeding in forma pauperis to pay the full filing fee out of a percentage of prisoner's trust account). The court is required by statute to assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's trust account for the six months immediately preceding the date of the filing of

---

[1] The $50.00 administrative fee for filing a civil action does not apply to prisoners granted in forma pauperis status under 28 U.S.C. § 1915.

7017 1450 0000 1346 3080

the civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and through periodic payments from the plaintiff's inmate trust account as authorized in 28 U.S.C. § 1915(b)(2).

Plaintiff submitted his complaint to the court without paying the $400.00 filing fee or submitting an application to proceed in forma pauperis. As a result of this deficiency with plaintiff's submission to the court, the above-captioned case is **DISMISSED**, without prejudice.

Additionally, to the extent plaintiff alleges he is wrongfully imprisoned, this court notes that the United States Court of Appeals for the Federal Circuit has held that the Court of Federal Claims does not have subject matter jurisdiction over actions alleging unlawful confinement or imprisonment. See Cochran v. United States, 250 F.3d 754 (Fed. Cir. 2000) (affirming lower court's decision that it did not have subject matter jurisdiction over plaintiff's claim for false imprisonment and unjust conviction). Similarly, it is well established that this court does not have jurisdiction to hear tort claims against the United States. See 28 U.S.C. § 1491(a)(1) (2012) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States."); Kant v. United States, 123 Fed. Cl. 614, 616 (2015).

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**